| | |
|---|---|
| JAMES D.A. SMITH<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-cv-1561-KJN<br><br><br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff James Smith seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from October 2, 2009, the date on which plaintiff's disability was determined to have ceased, through September 30, 2011, plaintiff's date last insured. (ECF No. 20.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 27.) No optional reply brief was filed.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 8.)

1

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the Commissioner's final decision.

I. BACKGROUND

Plaintiff was born on May 16, 1969; has at least a high school education; can communicate in English; and previously worked as a meter inspector, house repairer, electrician, diesel mechanic, and appliance installer. (Administrative Transcript ("AT") 472.)[2] On April 27, 2010, plaintiff applied for DIB, alleging that his disability began on April 24, 2008. (AT 463.) Plaintiff claimed that he was disabled due to a back injury and pain, inability to concentrate, stomach problems, bowel problems, and elbow problems. (AT 118.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on November 2, 2011. (AT 26-56.) The ALJ subsequently issued a decision dated January 24, 2012, determining that plaintiff had been disabled from April 24, 2008, plaintiff's alleged disability onset date, through October 1, 2009, but that plaintiff's disability ended on October 2, 2009, after medical improvement had occurred. (AT 11-22.) The Appeals Council denied review of the ALJ's decision on January 30, 2013 (AT 1-3), but on September 30, 2014, this court remanded plaintiff's case for further administrative proceedings. (AT 572-84.)

On remand, the ALJ conducted a supplemental hearing on September 10, 2015, at which plaintiff (represented by counsel), a medical expert, and a vocational expert testified. (AT 479-529.) Thereafter, on October 13, 2015, the ALJ issued a decision again finding that plaintiff was not disabled, for purposes of the Act, from October 2, 2009, through September 30, 2011, plaintiff's date last insured. (AT 463-73.) The ALJ's October 13, 2015 decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on May 9, 2016. (AT 448-50.) Plaintiff then filed this second district court action on July 8, 2016,

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

to obtain judicial review of the Commissioner's final decision.  (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ erred by exceeding the scope of this court's prior remand order; and (2) whether the ALJ improperly rejected the opinions of examining physicians Dr. Johnson and Dr. Hsia.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[3]  As an initial matter, the ALJ determined that plaintiff met the

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

3

insured status requirements of the Act for purposes of DIB through September 30, 2011. (AT 465.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since April 24, 2008, his alleged disability onset date. (Id.) At step two, the ALJ found that plaintiff had the following severe impairments through the date last insured: degenerative disc disease of the lumbar and cervical spine status post lumbar laminectomy, a hip disorder manifested by pain, and a left shoulder disorder manifested by chronic pain. (AT 465-66.) However, at step three, the ALJ determined that, through the date last insured, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 466.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except the claimant is able to lift and/or carry 25 pounds occasionally and 15 pounds frequently; to stand for 6 hours in an 8-hour workday; to walk for 4 hours in an 8-hour workday; and to sit without limitations. The claimant is able to push and pull, except he is unable to reach overhead with the left upper extremity. In addition, the claimant is able to crawl, bend and stoop occasionally, but he is unable to kneel. The claimant is also able to climb ramps and stairs frequently, climb ladders occasionally, and

---

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

>   is unable to climb ropes or scaffolds. The claimant can have occasional exposure to vibration.

(AT 466.) At step four, the ALJ determined that plaintiff was unable to perform any past relevant work through the date last insured. (AT 472.) However, at step five the ALJ found that, in light of plaintiff's age, education, work experience, RFC, and the vocational expert's ("VE") testimony, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed through the date last insured. (AT 472-73.)

Thus, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from October 2, 2009, through September 30, 2011, plaintiff's date last insured. (AT 473.)

<u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

*Whether the ALJ erred by exceeding the scope of this court's prior remand order?*

Plaintiff contends that the ALJ exceeded the scope of this court's prior remand by actually assessing a less favorable RFC compared to the original ALJ decision. Plaintiff notes that the new decision omits several previously-assessed functional limitations that were not at issue in the prior federal court appeal. That argument is unavailing.

In the original ALJ decision, the ALJ purported to give significant weight to the opinions of examining physicians Dr. Johnson and Dr. Hsia, but failed to include several of their assessed limitations without explanation. Consequently, this court remanded for proper consideration of their opinions, as well as "further development of the record and/or further findings addressing the deficiencies" noted in the court's order. (<u>See</u> AT 577-84.) Importantly, this court did not order the ALJ to credit any particular medical opinion on remand, nor did this court actually decide any factual or evidentiary issue with respect to plaintiff's RFC. Therefore, the mere fact that the ALJ's RFC assessment on remand is less favorable to plaintiff than the original decision's RFC assessment does not in itself signify any error, provided that the new RFC assessment is based on the proper legal analysis and supported by substantial evidence in the record as a whole.

////

////

*Whether the ALJ improperly rejected the opinions of examining physicians Dr. Johnson and Dr. Hsia?*

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[4] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

////

---

[4] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

In this case, it is undisputed that the opinions of examining physicians Dr. Johnson and Dr. Hsia were significantly more restrictive than the ALJ's RFC. Dr. Johnson, a consultative examiner for the Commissioner, opined, *inter alia*, that plaintiff could never lift more than 10 pounds and was unable to complete an eight-hour workday. (AT 399.) Dr. Hsia, the qualified medical evaluator in plaintiff's workers compensation case, assessed, among other restrictions, that plaintiff was unable to sit for more than 60 minutes or stand for more than 15 minutes. (AT 445.) However, contrary to plaintiff's contention, the ALJ provided specific and legitimate reasons for discounting their opinions.

The ALJ reasonably relied on the opinion of plaintiff's treating neurosurgeon, Dr. John Yen, who on July 20, 2009, after plaintiff's second surgery, noted that plaintiff was doing very well with much improved sciatica, and assessed restrictions that plaintiff should never lift more than 25-30 pounds and try to avoid repetitive bending. (AT 323.) Thereafter, on March 4, 2011, Dr. Yen observed that plaintiff "still has residual discomfort in his back and discomfort in his left leg as more of a numbness and tingling. He states that the severe pain he had before his surgery has basically been resolved. However, he has to be careful how much bending and lifting he does." (AT 435.) Dr. Yen stated that plaintiff's last January 2011 MRI showed postoperative changes and some degenerative changes, but no evidence of significant disc herniation, recurrent discs, or significant spinal stenosis. (Id.) Dr. Yen opined that plaintiff:

> has residual back and leg pain but overall no significant nerve root compression or neurological changes. I do not think he requires further surgery at this time. He might occasionally require therapy, anti-inflammatory medication or even an epidural steroid injection but no further surgery.

(AT 436.) The ALJ permissibly gave great weight to Dr. Yen's opinion, because he was plaintiff's treating physician, and the ALJ's RFC assessment fully incorporated Dr. Yen's assessed restrictions (no lifting more than 25-30 pounds and avoiding repetitive bending). (AT 468-69.)

The ALJ also rationally relied on the opinion of the orthopedic surgeon and medical expert who reviewed plaintiff's records and testified at the supplemental administrative hearing, Dr. Eric Schmitter. (AT 468-71.) Dr. Schmitter opined that plaintiff's back surgery had been

"very successful" and that plaintiff, after October 2009, could lift and carry 50 pounds occasionally and 25 pounds frequently; had limited overhead reaching ability with his left arm; could stand and walk for 6 hours; had no sitting limitations; had no problems with climbing stairs and ramps; could never climb ropes and scaffolds; could occasionally climb ladders; could occasionally crawl, bend, and stoop; could never kneel; and could only occasionally be exposed to vibration. (AT 470, 492-95.) The ALJ substantial adopted Dr. Schmitter's functional assessment, which was generally consistent with the opinion of Dr. Yen. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record."). To the extent that Dr. Yen's opinion was slightly more restrictive in certain aspects, such as lifting limitations, the ALJ adopted Dr. Yen's more restrictive assessment.

In sum, the medical opinion evidence in this case was clearly inconsistent, and the ALJ appropriately discounted the opinions of examining physicians Dr. Johnson[5] and Dr. Hsia by relying on the treating opinion of Dr. Yen and the consistent non-examining opinion of Dr. Schmitter. Even assuming, without deciding, that this court would have decided the case differently upon *de novo* review, the court defers, as it must, to the ALJ's rational resolution of inconsistencies and ambiguities in the medical evidence.

V. CONCLUSION

For the foregoing reasons, the court concludes that the ALJ's decision was free from prejudicial error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for summary judgment (ECF No. 20) is DENIED.

---

[5] In this court's prior remand order, the ALJ was also instructed to further develop the record by clarifying certain climbing limitations assessed by Dr. Johnson. However, because the ALJ permissibly discounted Dr. Johnson's opinion, treating physician Dr. Yen assessed no climbing limitations, and medical expert Dr. Schmitter provided very specific climbing restrictions adopted by the ALJ, the issue is moot.

2. The Commissioner's cross-motion for summary judgment (ECF No. 27) is GRANTED.

3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: December 1, 2017

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE